# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael Rowe, <br>                 Plaintiff(s), <br> vs. <br> Judge Cristy Criag *et al.*, <br>                 Defendant(s). | 2:23-cv-01679-RFB-MDC <br><br> **Order** |

      Pending before the Court is plaintiff Michael Rowe's Application to Proceed *in forma pauperis* ("IFP"). ECF No. 5. On October 16, 2023, Mr. Rowe filed an IFP application. ECF No. 1. The Court denied Mr. Rowe's application and ordered him to file a long-form application, noting that his filings were bordering vexatious and that he has concealed information from the Court in the past. ECF No. 2. The Court ordered Mr. Rowe to either file the long-form IFP or pay the filing fee by December 11, 2023. *Id.* On January 26, 2024, the Court noted that Mr. Rowe failed to either file the long-form IFP or pay the filing fee. ECF No. 4. The Court ordered that the case be administratively closed. *Id*. On February 23, 2024, Mr. Rowe filed his current IFP application, *after* the Court had already administratively closed the case. ECF No. 4. The Court administratively closed the case because plaintiff failed to timely file a long-form IFP or pay the full filing fee, per the Court's previous Order (ECF No. 2). *Id.*

      Accordingly, the Court finds that Mr. Rowe's IFP application (ECF No. 5) is a rogue document and will strike the document. *See Washington v. Ivany,* 2023 U.S. Dist. LEXIS 101564, *2 (D. Nev. June 7, 2023) (citing *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation")). The case is closed, and Mr. Rowe may not file any further documents in this action. If Mr. Rowe seeks to pursue this action, he must file a new complaint in a new case and must follow the court's rules and orders. Mr. Rowe is reminded that although he is proceeding pro se, he is required to comply with the Federal

Rules of Civil Procedure and the local rules of this court. *See id.; see also See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Looking beyond the fact that the IFP was filed after the case was administratively closed, the Court also finds that Mr. Rowe has continued to conceal information from the Court, as evidenced by his failure to list his condominium as a real estate asset. ECF No. 5. The Court previously cautioned Mr. Rowe about his failure to disclose such information. ECF No. 2.

ACCORDINGLY,

**IT IS ORDERED** that:

1. The Clerk of Court shall strike plaintiff's IFP application (ECF No. 5).
2. The case will remain closed.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address.

The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 5th day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge